CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Antonio Fernandez,** | **Case No.** 2:18-cv-10625-DMG-KS |
| Plaintiff, | |
| v. | |
| | **Plaintiff's Case Statement** |
| **Wind Chime Properties, L.P.**, a California Limited Partnership; **White Spring Associates, Inc.**, a California Corporation; **Jimenez Brothers Enterprises, Inc.**, a California Corporation; and Does 1-10, | |
| Defendants. | |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed February 12, 2019, the plaintiff submits his Plaintiff's Case Statement.

### A.    Itemized List

The specific conditions at the site that forms the basis of this lawsuit are the lack of accessible ticket dispenser, point-of-sale machine, check-writing surface, route of travel and restroom facilities at the Jimenez Ranch Market ("Market") located in Pomona, California.

1

1.  Inaccessible Ticket Dispenser:



❖ Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach of 24 inches maximum. 2010 Standards § 308.3.2.

❖ Here, the meat department ticket dispenser was in excess of the heights allowed by law.

❖ The included photo of the Facility depicts the above violation.

Plaintiff's Case Statement                                    2:18-cv-10625-DMG-KS

2.  Inaccessible Point of Sale Machine:



❖ Under the ADA, when a place of public accommodation offers a facility, privilege, or advantage to its customers, it must offer full and equal enjoyment of the same to persons with disabilities. 42 USC 12182(a).

❖ Here, the electronic point of sale machine made available to customers is a distinct facility, privilege or advantage and, therefore, must be accessible to persons with disabilities also.

❖ While there is no explicit access standard for "point of sale machines," the most analogous standard for display screens on such devices is found at section 707.7.1 of the 2010 Standards. Under that standard, the display screen must be visible from a viewpoint 40

Plaintiff's Case Statement                                    2:18-cv-10625-DMG-KS

1    inches above the floor. The California Building Code (CBC) is more
2    explicit, directly addressing point of sale machines.
3    ❖ Since the 1995 version of the CBC—and continuing to this date—
4         point of sales machines were required to be accessible to persons
5         with disabilities. Under the CBC, where point of sale machines are
6         provided at the accessible check stands, sales or service counters, the
7         display screen must be visible from a viewpoint 40 inches above the
8         floor. If the display screen is mounted vertically (or tipped away from
9         the viewer less than 30 degrees) the center line of the display screen
10        shall not be more than 52 inches above the floor. 11B- 707.7.1.1. If
11        the display screen is angled or tipped away from the viewer by more
12        than 30 degrees but less than 60 degrees, then the center line of the
13        display screen shall not be more than 44 inches above the floor. 11B-
14        707.7.1.2. Finally, if the display screen is mounted horizontally (or
15        tipped away from the viewer by more 60 degrees) then then the
16        center line of the display screen shall not be more than 34 inches
17        above the floor. This has been the accessibility standard in all
18        versions of the CBC since 1995.
19   ❖ In the 1995 CBC, that standard as found at section 3105A(g)5. In
20        the 1998 through 2013 versions of the CBC, that standard was
21        found at section 1117B.7.5. Currently, that standard is found at
22        section 11B-707.7.1.
23   ❖ By failing to provide an accessible point of sale machine, the
24        defendants have violated the law.
25   ❖ The included photo of the Facility depicts the above violation.
26
27
28

4

3. Lack of Accessible Check-Writing Surface:



❖ Under the ADA, when a place of public accommodation offers a facility, privilege, or advantage to its customers, it must offer full and equal enjoyment of the same to persons with disabilities. 42 USC 12182(a).

❖ Here, the check writing surface at the Market made available to customers is a distinct facility, privilege or advantage and, therefore, must be accessible to persons with disabilities also. Under the ADA Standards, check writing surfaces—which constitute "work surfaces"—whether located at check-out aisles or at sales counters must be located between 28 inches and 34 inches above the floor. See 2010 Standards 902.3, 904.3.3.

❖ Here, by failing to provide an accessible check-writing surface, the defendants have violated the law.

❖ The included photo of the Facility depicts the above violation.

4.  Inaccessible Mirror:



❖ Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 2010 Standards § 603.3.

❖ Here, the mirror is mounted higher than the maximum permitted and is a violation of the ADA.

❖ The included photo of the Facility depicts the above violation.

6

Plaintiff's Case Statement                    2:18-cv-10625-DMG-KS

5. Lack of Accessible Grab Bar:



❖ Grab bars at the toilet must be mounted between 33 and 36 inches in height. 2010 Standards § 609.4.

❖ Here, the failure to ensure that the grab bars were mounted within the range required by the ADA is a violation of the law.

❖ The included photo of the Facility depicts the above violation.

Plaintiff's Case Statement                    2:18-cv-10625-DMG-KS

6.  Inaccessible Sink:



❖ Hot water and drain pipes under lavatories must be insulated or
   otherwise configured to protect against contact. 2010 Standards
   §606.5.

❖ Here, the failure to wrap the plumbing underneath the sink is a
   violation of the ADA.

❖ The included photo of the Facility depicts the above violation.

8

7. Inaccessible Route of Travel:



- ❖ Accessible routes shall coincide with or be located in the same area as general circulation paths. Where the circulation paths are interior, required accessible routes shall also be interior. 2010 Standards §206.3.
- ❖ Here, even though ambulatory customers can immediately enter the sales floor upon entering the Market, persons with disabilities who are in wheelchairs are not able to do so because the defendants keep the swinging gate located next to the turnstile locked.
- ❖ The included photo of the Facility depicts the above violation.

Plaintiff's Case Statement                                    2:18-cv-10625-DMG-KS

*Note*: As stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. See *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

**B.     Amount of Damages**

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment.  Cal. Civ. Code § 52(a); 54.3(a).  "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover."  *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000).  The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)). Each responsible party under the ADA is individually liable for the denial of rights. *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 849-851 (9th Cir. 2004).

The Unruh Civil Rights Acts provides for minimum statutory penalties of $4,000 plus actual damages for each offense against each responsible entity. Thus, Plaintiff claims $4,000 in statutory penalties against the property owners, Wind Chime Properties, L.P. and White Spring Associates, Inc. and

$4,000 against the business, Jimenez Brothers Enterprises, Inc., for a sum total of $8,000. If this matter proceeds beyond mediation, Plaintiff will additionally be seeking damages for on-going deterrence.

**C.    Demand for Settlement of Case**

First, to provide for accessible ticket dispenser, point-of-sale machine, check-writing surface, route of travel and restroom facilities at the Market.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

Lastly, to settle this matter globally at mediation, that Defendants pay $8,000 in statutory penalties and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: February 26, 2019             CENTER FOR DISABILITY ACCESS


                                     By: */s/ Dennis Price*_____
                                     Dennis Price, Esq.
                                     Attorney for Plaintiff